# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5623 | **DATE** | September 1, 2011 |
| **CASE TITLE** | Tony Foster (A-50773) v. Dr. Partha Ghosh, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court assesses an initial partial filing fee of $16.80. The trust officer at Plaintiff's place of confinement is authorized to make deductions in accordance wtih this order. The clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The U.S. Marshals Service is appointed to serve Defendants Dr. Partha Ghosh and Dr. N. Patterson. To the extent Wexford Health Sources is listed as a Defendant, it is dismissed. The clerk shall send to plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. The clerk is also directed to send a copy of this order to Marcus Hardy's office, who may refer Plaintiff to the appropriate health care officials, if needed, to determine whether immediate medical attention.

■ [**For further details see text below.**]      Docketing to mail notices.

## STATEMENT

    Plaintiff, Tony Foster, an inmate at the Stateville Correctional Center, proceeding *pro se*, has filed the following pleadings: a 42 U.S.C. § 1983 action against Stateville physicians Dr. Partha Ghosh and Dr. N. Patterson, an *in forma pauperis* ("IFP") application, and a motion for the appointment of counsel. Plaintiff alleges that the Stateville doctors have provided inadequate treatment for his cataracts in one or both of his eyes. Plaintiff seeks treatment by an ophthalmologist as well as damages. Plaintiff also refers to Wexford Health Sources on the cover of his complaint, but does not otherwise mention it in the body of the complaint. It is unclear whether Plaintiff intended to include Wesford as a Defendant or if he referred to it simply as the organization that employed or employs both of the doctors.

    With respect to the IFP application, the Court finds that Plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed IFP. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $16.80. The inmate trust accounts officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Collected monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee obligation, and Stateville authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

**(CONTINUED)**

    isk

**STATEMENT (continued)**

Turning to the complaint, this Court has conducted a preliminary review of an inmate's complaint. *See* 28 U.S.C. § 1915A. Plaintiff alleges that he has been diagnosed with cataracts, has suffered loss of vision, and has not been referred to an ophthalmologist despite his requests to both Dr. Ghosh and Dr. Patterson. Accepting his factual allegations as true, he states a colorable cause of action against Drs Ghosh and Patterson. *Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir.2007); *see also Hatch v. Cravens*, No. 06-007, 2007 WL 2229016, *3 (S.D. Ill. 2007) (Stiehl, J.).

The clerk shall issue summonses for service of the complaint and the U.S. Marshal's Service is directed to serve Dr. Partha Ghosh and Dr. N. Patterson. The Marshal shall forward to Plaintiff any service forms necessary for Plaintiff to complete. Plaintiff's failure to return those forms may result in the dismissal of this case. The Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials at Stateville and/or Wexford Health Sources shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or for proof of service if a dispute arise. Any documentation of the address shall be retained only by the Marshal, and shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. However, if unable to obtain waivers, the Marshal shall attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. He must send an exact copy of any court filing to the Defendants, or to defense counsel, if an attorney has entered an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff's motion for the appointment of counsel is denied without prejudice at this time. The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he may proceed with his case at this stage of the proceedings. *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

Lastly, because Plaintifff's allegations state he is currently seeking treatment for his cataracts, the Court directs the clerk to forward a copy of this order to the office of Stateville's Warden Marcus Hardy, who should be able to refer Plaintiff to the appropriate medical persons for a determination whether an ophthalmologist or immediate medical attention is needed.