# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5623 | **DATE** | 9/14/2012 |
| **CASE TITLE** | Foster vs. Ghosh | | |

**DOCKET ENTRY TEXT**

Motion to dismiss [50] is denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Plaintiff Tony Foster, an inmate at the Stateville Correctional Center, filed a complaint against Drs. Partha Ghosh and Norman Patterson, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. Dr. Patterson has moved to dismiss Mr. Foster's claims against him, pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m), for failure to serve him with the complaint within 120 days of its filing. Foster's complaint alleges that he received inadequate treatment for cataracts during his incarceration. Dkt. No. 6. The allegations in the complaint are as follows: Dr. Patterson, an optometrist, examined Foster's eyes in 2009 to determine if he had a cataract. During the examination, Foster informed Dr. Patterson that he was experiencing partial loss of vision in his left eye. He requested to be examined by an ophthalmologist. *Id.* Dr. Patterson concluded that Foster had a cataract but denied his request to see an ophthalmologist. Instead, he prescribed him eyeglasses. *Id.* The cataracts got worse and Foster experienced loss of vision in both eyes. *Id.* Foster then repeatedly petitioned Dr. Ghosh, Stateville's medical director, to allow him to see an ophthalmologist about his condition. *Id.* Foster's requests went unanswered and his vision has become significantly worse. *Id.*

    On August 17, 2011, Foster filed a motion for leave to proceed with his complaint against Drs. Ghosh and Patterson *in forma pauperis*. Dkt. No. 3. The Court granted the motion. Foster filed his complaint, *pro se,* on September 1, 2011. Dkt. No. 6. The Court appointed the United States Marshals Service to serve the defendants with the complaint. Dkt. No. 5. Dr. Ghosh executed a waiver of service. Dkt. No. 12.[1]

    Dr. Ghosh also moved to dismiss the complaint. Dkt. No. 16. The Court denied this motion. Dkt. No. 33. However, the Marshals Service was not able to serve Dr. Patterson.[2]There is a discrepancy in the pleadings as to whether the Marshals Service served Dr. Patterson. Foster contends that the USM-285 Form he received, which is attached as Exhibit 1 to his response, evidences that Dr. Patterson was served. Dr. Patterson contends that it does not. The Court reviewed Exhibit 1. It does not show that the Marshals Service effected service. This conclusion is supported by the fact that the Court subsequently issued an alias summons to Dr. Patterson and Dr. Patterson executed a waiver of service of summons. The Court then entered an order issuing an alias summons to Dr. Patterson. Dkt. No. 32. Dr. Patterson executed a waiver of service of summons on April 23, 2012. Dkt. No. 38. The waiver

| STATEMENT |
|---|

states that Dr. Patterson "waive[s] any objections to the absence of a summons or of service." *Id.* Despite executing this waiver, Dr. Patterson filed the instant motion to dismiss for insufficient service of process. Dkt. No. 50.

Rule 4(m) allows a court to dismiss a complaint, without prejudice, if it is not served on a defendant in 120 days. *See* Fed. R. Civ. P. 4(m).[33] Rule 4(m) provides that: "If service of the summons and the complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." However, Rule 4(m) also requires a court to extend time for service if there is good cause for the failure to effect service in the prescribed 120 days. Even absent good cause, a court may grant a plaintiff relief from the consequences of Rule 4(m). *See Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340 (7th Cir. 1996). On this account, a *pro se* plaintiff deserves heightened protection against unjust application of the Rule. *See Robinson v. America's Best Contacts & Eyeglasses*, 876 F.2d 596, 598 (7th Cir. 1989). This is particularly true where the plaintiff's re-filed action could be barred by the statute of limitations. *See* Advisory Committee Notes to Fed. R. Civ. P. 4(m) ("Relief may be justified, for example, if the application of the statute of limitations would bar the refiled action..."); *see also Panaras,* 94 F. 3d at 341.

While the record shows that Dr. Patterson was not served within 120 days of the filing of the complaint, the Court finds that his motion to dismiss should be denied. The motion is denied because Dr. Patterson explicitly waived his right to object to the sufficiency of the service of process when executing the waiver of service of summons. Dkt. No. 38 (Dr. Patterson's executed Waiver of the Service of Summons, which states "I waive any objections to the absence of a summons or of service."); *see also Trustees of Central Laborers' Welfare Fund v. Lowery,* 924 F.2d 731, 734 (7th Cir. 1991) (per curiam) ("Where a defendant leads a plaintiff to believe that service is adequate...the defense is waived.") (internal citations omitted); *cf Beale v. Revolution Portfolio, LLC,* No. 07-cv-6909, 2008 WL 4614310 (N.D. Ill. Oct. 16, 2008) (holding Rule 12(b)(5) motion should be denied as moot when defendant executed a waiver of service of summons).

Even if no waiver had occurred, the complaint would not be dismissed because there was good cause for Mr. Foster's failure to serve it within the prescribed period. When an inmate proceeding *in forma pauperis* provides the Marshals Service with sufficient information to identify and serve a defendant, and the Marshals Service fails to complete service, the inmate is automatically entitled to an extension under Rule 4(m)'s good cause exception. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1426 (7th Cir. 1996) (internal citations omitted). In this case, Foster was an inmate proceeding *in forma pauperis.* He relied on the Marshals Service to serve the complaint on Dr. Patterson. He identified Dr. Patterson's last name, first initial, place of employment and occupation. This should have been sufficient for the Marshals Service to identify and serve Dr. Patterson. Accordingly, the good cause exception applies.

Even if the information provided by Foster to the Marshals Service was insufficient to identify Dr. Patterson, Foster's case would not be dismissed. Dismissal of Foster's case would, effectively, be with prejudice because the statute of limitations has now run. Because Foster was required to rely on the Marshals Service to serve the complaint and because he would be substantially prejudiced by a dismissal of his case at this point, the Court exercises its discretion under Rule 4(m) and holds that service of the complaint was effected in a timely manner when Dr. Patterson executed the waiver of service of summons on April 23, 2012.