IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TONY FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 11 C 5623 |
| | ) | |
| DR. PARTHASARATHI GHOSH, DR. N. | ) | Judge Virginia M. Kendall |
| PATTERSON, O.D., WARDEN MICHAEL | ) | |
| LEMKE, and SARAH JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tony Foster filed suit against Defendants Dr. Parthasarathi Ghosh, Dr. Norman Patterson, Warden Michael Lemke, and Sarah Johnson (collectively "Defendants"). Plaintiff alleges deprivation of his Eighth Amendment rights under 42 U.S.C. § 1983 as a result of Defendants' deliberate indifference to Plaintiff's serious medical needs.

Plaintiff filed his original complaint with this Court on August 17, 2011 and subsequently filed an Amended Complaint on February 26, 2013 adding defendants Lemke, Warden of Stateville Correctional Center, and Johnson, a member of the Administrative Review Board. Defendants Lemke and Johnson jointly move to dismiss Plaintiff's Amended Complaint as barred by the statute of limitations for § 1983 claims. Alternatively, Defendants Lemke and Johnson move to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

For reasons stated below, Lemke and Johnson's Motion to Dismiss the Amended Complaint is granted as to Lemke and denied as to Johnson.

1

## FACTS

The following facts are taken from Plaintiff's Amended Complaint and are assumed to be true for purposes of this Motion to Dismiss. *See Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008.) In 2009, Dr. Patterson examined Foster at the Stateville Correctional Center in Joliet, Illinois. (*Id.* ¶ 1, ¶ 5, ¶ 8.) Dr. Patterson diagnosed him with a cataract in his left eye. (Am. Comp. ¶ 5, ¶ 8.) Dr. Patterson prescribed eyeglasses after Foster mentioned that he was experiencing a partial loss of vision in his eye. (*Id.* ¶¶ 7-8.) However, Dr. Patterson refused to refer Foster to an ophthalmologist. (*Id.* ¶ 9.) Following his consultation with Dr. Patterson, Foster developed a cataract in his right eye. (*Id.* ¶ 10.) In hopes of visiting an ophthalmologist, Foster wrote to Dr. Ghosh, the Medical Director at Stateville Correctional Center. (*Id.*) Thereafter, Foster wrote an emergency grievance letter on June 18, 2009 to which he received no response. (*Id.* ¶ 12.) On July 3, 2009, Foster wrote a second grievance request regarding his cataracts that was eventually denied by the Administrative Review Board on March 22, 2010. (*Id.* ¶ 12, ¶ 14.) Defendant Sarah Johnson signed the denial. (*Id*. ¶ 14.) Foster still suffers from bilateral cataracts and eyeglasses have not improved his vision. (*Id*. ¶ 16.)

Subsequently, Foster sent seven medical request slips to Dr. Patterson regarding his cataract. (*Id.* ¶ 18.) He sent request slips on January 18, 2011,[1] January 20, 2011, January 24, 2011, February 9, 2011, February 23, 2011, March 15, 2011, and March 23, 2011. (*Id.* ¶¶ 17-18.) He also sent request slips to Dr. Ghosh on January 13, 2011, February 15, 2011, and March 8, 2011. (*Id.* ¶ 19.)

---

[1] Plaintiff makes reference to the original request in his Amended Complaint, but only first mentions the date of January 18, 2011 in his response to Defendant's Motion to Dismiss.

Foster alleges that Defendants failed to adequately provide medical treatment to him by denying him access to an ophthalmologist in order to correct his cataract condition. (*Id.* ¶ 20.) He also alleges that Defendants knew Foster was not given access to an ophthalmologist and that his health condition continues to deteriorate. (*Id.* ¶¶ 23-24.)

## STANDARD OF REVIEW

On a motion dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true … state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In determining whether a complaint meets this standard, the "reviewing court [must] draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 678. A claim has facial plausibility when the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See id.*

## DISCUSSION

### I.      Defendants' Motion for Partial Dismissal Pursuant to Rule 12(b)(6)

Defendants allege that although Plaintiff's original complaint was filed within the two-year statute of limitations under § 1983, the Amended Complaint, which added Lemke and Johnson as defendants, was filed after the expiration of the limitations period. Further,

Defendants allege that Plaintiff's claim against Lemke and Johnson should be dismissed for failure to state a claim upon which relief can be granted.

## A.    Statute of Limitations under § 1983

Plaintiff's Amended Complaint is not time-barred because Plaintiff has adequately pleaded a continuing constitutional violation.    Although the two-year Illinois statute of limitations is normally an affirmative defense pleaded under Fed. R. Civ. P. (8)(c), the Court may dismiss a claim unquestionably time-barred under Fed. R. Civ. P. 12(b)(6).  *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005).   However, an exception to the passage of the statute of limitations exists if a plaintiff adequately pleads a continuing constitutional violation.  *Heard v. Sheahan*, 253 F.3d 316, 319-20 (7th Cir. 2001). The exception allows otherwise time-barred claims to survive a dismissal because the injuries "are the consequence of a numerous and continuous series of events" such that the statute of limitations period does not commence until the last day of the plaintiff's injury.  *Id.* (holding that an inmate's ongoing pain from an untreated ruptured hernia qualified as a continuing constitutional violation because jail officials refused to provide necessary medical care).   Prolonging the plaintiff's physical pain "by not treating his painful condition mark[s] a fresh infliction of punishment that cause[s] the statute of limitations to start running anew."  *Id.* at 318 (citing to *Palmer v. Board of Education*, 46 F.3d 682, 686 (7th Cir. 1995)); *see also Devbrow v. Kalu,* 705 F.3d 765, 768 (7th Cir. 2013) (finding that a continued constitutional violation of an inmate's prostate cancer may toll the statute of limitations*); Wojtaszek v. Litherland*, 2011 WL 4499692, at *3 (S.D. Ill. 2011) (holding that continued oral pain tolled the statute of limitations); *Laureano v. Goord,* 2007 WL 2826649, at *4 (S.D.N.Y. 2007) (finding that prison officials' indifference to the plaintiffs' mental health care, ultimately resulting in the plaintiffs' suicides, constituted a continuing violation); *Jervis v.*

*Mitcheff,* 2007 WL 4355433, at *2 (7th Cir. 2007) (holding that prison doctor's continued indifference to prisoner's requests to be treated for knee and back injuries suffered during an assault constituted a continuing violation).

Plaintiff has adequately pleaded a serious medical condition that falls under the continuing constitutional violation doctrine. Cataracts can constitute serious medical conditions. *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) (recognizing that cataracts can be a serious medical condition and will amount to a viable deliberate indifference claim when surgery is necessary). Since 2009 when Dr. Patterson diagnosed Plaintiff with cataract in his left eye, Plaintiff filed numerous written complaints as late as March 23, 2011. He also alleges that he has subsequently developed a cataract in the right eye, the prescribed eyeglasses are not a sufficient remedy to treat cataracts, and that as a result, his medical condition continues to worsen in both eyes. Plaintiff's current status as an untreated inmate, with his latest grievance filed less than two years prior to the filing of the Amended Complaint, permits his action to survive dismissal on statute of limitations grounds and renders moot Defendants' arguments against the application of any "relation back" doctrine with respect to the original complaint.

**B.      Failure to State a Claim of Deliberate Indifference**

Plaintiff's § 1983 claim that Defendants deprived him of his Eighth Amendment rights must be analyzed separately in regard to allegations against each defendant. Defendants' partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted for allegations made against Lemke and denied for allegations made against Johnson.

In order for a plaintiff to raise a valid Eighth Amendment claim under § 1983 a prisoner must demonstrate that he or she suffers from a serious medical condition and that a prison official is deliberatively indifferent to the prisoner's serious medical needs. *See Farmer v.*

*Brennan*, 511 U.S. 825, 828-29 (1994)*; Hayes v. Snyder,* 546 F.3d 516, 522 (7th Cir. 2008).

Because the doctrine of *respondeat superior* does not apply to § 1983 claims, the allegation must

assert the defendant was personally and directly involved in the constitutional deprivation.

*Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003).

Direct involvement requires the official to "know of and disregard an excessive risk to

inmate health or safety." *Farmer*, 511 U.S. at 837; *Devbrow*, 705 F.3d at 769-70 (finding that a

prison doctor's refusal to refer an innate to a urologist following testing indicating prostate

cancer constituted deliberate indifference). To constitute knowledge, the official must both

know of facts from which he can infer "that a substantial risk of serious harm exists[] and he

must also draw the inference." *Farmer*, 511 U.S. at 837; *Gray v. Weber*, 244 Fed. Appx. 753

(8th Cir. 2007) (dismissing a § 1983 deliberate indifference claim against a warden because the

plaintiff failed to allege the warden knew of the asserted medical deprivation and was personally

involved in the deprivation).

Generally, if non-medical officials rely on decisions made by medical personnel they are

not liable under the doctrine of deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 755

(7th Cir. 2011). Because of the importance of the division of labor and expertise, non-medical

officials are justified in "believing that the prisoner is in capable hands" if the prisoner is under

the care of a medical expert. *Id.* (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Still, non-medical officials cannot simply ignore a prisoner's serious medical needs.

*Arnett*, 658 F.3d at 755. If the non-medical officials know or have reason to know "that prison

doctors or their assistants are mistreating (or not treating) a prisoner" they may be liable for

deliberate indifference. *Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008) (quoting *Spruill*, 372

F.3d at 236). Mere negligence in failing to recognize and stop a subordinate's wrongdoing is not

sufficient to apply deliberate indifference to non-medical officials. *Arnett*, 658 F.3d at 755. The plaintiff must demonstrate "that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety." *Id.* (quoting *Farmer*, 511 U.S. at 837). Once a non-medical official is aware of the deprivation of a serious medical need, failure to use his or her authority to take steps to correct the condition by contacting the appropriate medical officials may qualify as deliberate indifference. *Arnett*, 658 F.3d at 755; *see also Burks*, 555 F.3d at 594-95 (dismissing prisoner's § 1983 deliberate indifference claim against a complaints examiner because the examiner was not required to do more than write a memorandum to the medical staff noting that the prisoner had yet to see an eye specialist despite two recom-mendations from medical personnel); *Greeno*, 414 F.3d at 655-56 (finding that a complaint appeals examiner's actions did not constitute deliberate indifference to the prisoner's serious medical needs because he reviewed the complaint and verified that the prisoner was receiving treatment while also referring the prisoner's complaints to medical providers).

Defendants' partial Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is granted as to Defendant Lemke. Plaintiff alleges only that Defendant Lemke, as a warden, was in a position of authority to grant Plaintiff's medical request. (Am. Comp. ¶¶ 9-10.) Plaintiff raises no facts suggesting that Lemke, Warden of Stateville Correctional Center, was personally responsible and directly involved in the deprivation of Plaintiff's medical condition, nor does Plaintiff plead facts alleging that Lemke knew of the serious medical deprivation. Plaintiff's claim against Lemke is in fact an impermissible *respondeat superior* claim. Lemke is not liable under the doctrine of deliberate indifference for simply serving in his administrative role at the Stateville Correctional Center. *See, e.g., Arnett*, 658 F.3d at 750 (dismissing a deliberate indifference claim against the

warden because he served only in his administrative role concerning the alleged medical deprivation); *Sanville v. McCaughtry*, 266 F.3d 724 (7th Cir. 2001) (holding that a warden was not individually liable under § 1983 for a prisoner's suicide absent evidence demonstrating personal responsibility for his subordinates' violations); *Gray*, 244 Fed. Appx. 753 (finding that the plaintiff did not allege the elements of knowledge and personal involvement in the medical deprivation in his claim against the warden). Therefore, because Plaintiff cannot rely on the doctrine of *respondeat superior* while raising a § 1983 claim against Lemke, Defendants' partial Motion to Dismiss is granted.

Plaintiff has alleged sufficient facts against Defendant Johnson to proceed. Plaintiff contends that Johnson's signature denying Plaintiff's grievance request to the Administrative Review Board constituted deliberate indifference to his serious medial needs pursuant to his § 1983 claim for deprivation of his Eighth Amendment rights. (Am. Comp. ¶ 12, ¶ 14.) Although non-medical officials are justified in relying on decisions of medical personnel, Johnson presumably personally reviewed and investigated the complaint prior to denying Plaintiff's request and therefore was likely aware of the prison doctors' failure to provide Plaintiff with adequate medical care. Taking all facts in the light most favorable to Plaintiff, the Court can infer from Plaintiff's allegations that Johnson was personally involved and aware of the constitutional deprivation. Discovery is necessary in order to determine Johnson's knowledge and actions, as a member of the Admissions Review Board, regarding Plaintiff's administrative grievance. Therefore, accepting Plaintiff's facts and allegations as true against Defendant Johnson, Plaintiff's Amended Complaint adequately pleaded the necessary elements of an Eighth Amendment claim of deliberate indifference to a prisoner's serious medical needs against

Johnson; the Court must deny Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated herein, Defendants' partial Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) is granted as to the allegations against Lemke and is denied as to the allegations against Johnson.

So ordered.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 19, 2013

9